**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 24-1261

———————

JAMES PEPPER,
                                        Appellant

v.

ATTORNEY GENERAL PENNSYLVANIA;
DISTRICT ATTORNEY BUCKS COUNTY

———————————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-23-cv-03252)
District Judge: Honorable Karen S. Marston

———————————

Submitted under Third Circuit L.A.R. 34.1(a)
November 15, 2024

Before: RESTREPO, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Opinion filed: December 13, 2024)

——————

OPINION[*]

——————

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

AMBRO, *Circuit Judge*

James Pepper filed a complaint against a local school official, and he wanted to talk publicly about it. But a Pennsylvania law made that a crime, so he challenged it in federal court. The District Court ruled that the law violated Pepper's First Amendment rights and enjoined the local district attorney from prosecuting him. Free from the threat of prosecution, Pepper took his story public. Even though he sued the Commonwealth and won, he appeals, seeking more. Because we can offer him no further effectual relief, we dismiss his appeal as moot.

## I.     Background

In June 2023, Pepper submitted an educator misconduct complaint to the Pennsylvania Department of Education through an online portal. The complaint outlined his grievances against a school psychologist working at a Bucks County public school. In Pennsylvania, complaints like Pepper's are governed by the Educator Discipline Act, 24 Pa. Stat. and Cons. Ann. § 2070.1a *et seq.* (West 2024); *see also* § 2070.9. The Act prohibits disclosing "information relating to" such complaints unless the educator is ultimately disciplined, or the complainant obtains prior authorization. § 2070.17b(a)–(b), (e). After consideration, the Department of Education informed Pepper that his complaint would be dismissed and warned him against "any unauthorized release of confidential information[.]" App. 149a.

Pepper "desire[d] to disclose the fact that he filed the Misconduct Complaint" and discuss its contents and the Department's decision, so—proceeding under the pseudonym John Doe—he sued the Bucks County District Attorney and the Commonwealth's

2

Attorney General in the District Court. App. 58a–62a. He alleged that the Act's confidentiality requirement restricted his free speech in violation of the First Amendment, both facially and as applied to his conduct. Relevant here, the defendants argued that they were immune from suit under the Eleventh Amendment and that the confidentiality requirement did not violate the First Amendment. The parties cross-moved for summary judgment.

The District Court ruled that the Attorney General was immune from suit because "the authority given to the Attorney General" to prosecute Pepper "is too attenuated to trigger *Ex parte Young*'s narrow exception to sovereign immunity." *Doe v. Schorn*, 711 F. Supp. 3d 375, 388 (E.D. Pa. 2024) (citing *Ex parte Young*, 209 U.S. 123 (1908)).[1] So it granted summary judgment in her favor. *Id.* at 392.

But on determining that the District Attorney was *not* immune from suit,[2] the Court considered the merits of Pepper's First Amendment claims and ruled that the Act's confidentiality requirement was unconstitutional as applied to him.[3] *Id.* at 408. It also

---

[1] Generally, state officials sued in their official capacities "are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). But "a person seeking purely prospective relief against state officials for ongoing violations of federal law may sue under the 'legal fiction' of *Ex parte Young*, despite the text of the Eleventh Amendment." *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002) (citations omitted). To qualify for that exception, however, the official must have "some connection with the enforcement of the" allegedly unconstitutional "act." *Ex parte Young*, 209 U.S. at 157.

[2] The Court concluded that the District Attorney had not "met her burden of showing that *she* is entitled to immunity." *Schorn*, 711 F. Supp. 3d at 385 n.3 (emphasis in original).

[3] Because the Court declared the Act's confidentiality provision unconstitutional as applied to Pepper, it did not rule on his facial challenges. *Id.* at 403 n.15.

entered a permanent judgment order ruling that "Section 2070.17b(a), (b) of Pennsylvania's Educator Discipline Act . . . is DECLARED unconstitutional as applied to Plaintiff in connection with his June 22, 2023 misconduct complaint," and that the District Attorney "is PERMANENTLY ENJOINED from bringing criminal sanctions against Plaintiff" for violating the confidentiality provision in connection with his complaint. App. 3a–4a. This ruling seemed to allay Pepper's fears of prosecution. He and his attorneys gave interviews to the media, discussing the details of his complaint and identifying him by name.[4] *See, e.g.*, Michael Rubinkam, *A Pa. Law Shields Teacher Misconduct Complaints. A Judge Ruled That's Unconstitutional.*, NBC10 Philadelphia (Jan. 25, 2024), [https://perma.cc/8ZBU-NUWX].

Even so, Pepper (now proceeding under his real name) timely appealed the District Court's ruling, arguing that the District Court erred when it ruled the Attorney General is immune. The Attorney General contends the District Court was correct—her relationship with enforcement of the confidentiality provision is too attenuated—and, in any event, the case is moot. We need consider only the latter point, with which we agree. We dismiss Pepper's appeal as moot.

---

[4] We take judicial notice of these facts, which can be "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

4

## II.  Discussion[5]

Legal questions of mootness are subject to plenary review on appeal.  *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 (3d Cir. 1996).

"[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."  *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted).  A case is moot on appeal if we cannot afford "any effectual relief whatever to a prevailing party[.]"  *Id.* (internal quotation marks omitted).  We find such a case here.

The District Court has already "DECLARED" the confidentiality provision "unconstitutional as applied to Plaintiff."  App. 4a.  That decision, which the Attorney General did not cross-appeal, is res judicata.  *See Haaland v. Brackeen*, 599 U.S. 255, 293 (2023) ("[T]he point of a declaratory judgment is to establish a binding adjudication that enables the parties to enjoy the benefits of reliance and repose secured by res judicata." (internal quotation marks omitted)).[6]  Thus, the Attorney General could not enforce the provision against Pepper even if she wanted.

Even so, Pepper argues that "the AG continues to refuse to guarantee that she will not prosecute Pepper after his putative violation of law."  Reply Br. 5–6.  But that

---

[5] The District Court had jurisdiction over Pepper's suit under 18 U.S.C. § 1331.  We have jurisdiction over Pepper's appeal under 28 U.S.C. § 1291.

[6] The District Attorney also "acceded to the decision against her, in favor of Pepper." Answering Br. 7.

argument is hard to parse through the prism of reality. The law is unconstitutional as applied to the facts of this case. The Attorney General, by failing to cross-appeal, so concedes. And Pepper, by going public, seems assured by the District Court's ruling. Thus, deciding that the Attorney General is not immune "will have no practical effect upon the existing controversy." *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1108 (3d Cir. 1985).

These practical considerations have ample support in case law. As several of our sister circuits have held, if a statute is declared unconstitutional during litigation, lawsuits seeking to challenge the constitutionality of the statute or to vindicate rights thereunder become moot. *See Wis. Right to Life, Inc. v. Schober*, 366 F.3d 485, 492 (7th Cir. 2004) (dismissing case as moot where "the statute was declared to be unconstitutional[,] . . . and it has never been enforced"); *McCoy v. Augusta Fiberglass Coatings, Inc.*, 593 F.3d 737, 743–44 (8th Cir. 2010) (similar); *Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir. 1997) (similar). We have similarly held that the "voluntary cessation" of activities deemed unconstitutional may moot a case contesting those activities when the defendant does not continue to assert their constitutionality. *Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 306–07 (3d Cir. 2020); *see also Alpha Painting & Constr. Co., Inc. v. Del. River Port Auth. of Pa. N.J.*, 822 F. App'x 61, 67 n.6 (3d Cir. 2020) (applying that rule in a case like this). Here, the contested activity is prosecution under the Act, and the defendant is the Attorney General. She has not appealed the District Court's order declaring the Act's confidentiality provision unconstitutional, and, in this appeal, she

6

asserts only that she is not a proper party—not that the Court is wrong about the provision's constitutionality.  This moots Pepper's case.

*          *          *

Pepper wanted to publicize his complaint against an educator, but a state law made that illegal.  He challenged that law, received a ruling that it was unconstitutional as applied to him, and went public with his complaint.  The Attorney General does not resist this outcome.  Because Pepper "receive[d] all that he has sought generally," *Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 333 (1980), we dismiss his appeal as moot.